# Mulberry, Appellant, v. Carrier.

*Execution—Proceedings to recover possession of real estate—Act of May 24, 1878, P. L. 134.*

Where judgment has been recovered in proceedings under the Act of May 24, 1878, P. L. 134, to recover possession of real estate before a justice of the peace and a jury of six persons, and a sister of the defendant has been ejected from the premises she has no standing in an action of trespass against the plaintiff to attack the judgment against her brother, for the reason that the proceedings should have been before a jury of twelve under the Act of June 16, 1836, P. L. 781, instead of before a jury of six under the act 1878.

In such a case the sister cannot claim that she was in legal possession of the premises, where it appears that she was merely keeping house for her brother, had permission from him to raise certain things on the premises, and had some of her own property there.

Argued May 22, 1901. Appeal, No. 9, April T., 1901, by plaintiff, from judgment of C. P. Warren Co., March T., 1899, No. 35, on verdict for defendant in case of Mary Mulberry v. Ralph Carrier. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Trespass for an alleged wrongful ejectment from real estate. Before LINDSEY, P. J.

At the trial it appeared that defendant, Ralph Carrier, purchased forty-seven acres of land at sheriff's sale. The land was sold as the property of John Mulberry. Defendant instituted proceedings under the act of May 24, 1878 before a justice of the peace and a jury of six persons, and in these proceedings recovered judgment. Subsequently the sheriff executed a warrant of possession and ejected from the land John Mulberry and his sister Mary Mulberry. The latter subsequently brought this suit.

Plaintiff presented the following points:

1. The proceedings on the part of the defendant, Ralph Carrier, before the justice of the peace, N. E. Dewey, to recover possession from John Mulberry, of the premises upon which the trespasses complained of in this case were committed, were irregular, illegal and void, for the reason that the jury acting in the proceedings before said justice was composed of only

six jurors and not of twelve jurors as required by law, and the warrant issued by said justice to the sheriff of the county was not made returnable within four days next after the issuing thereof, as required by law.   *Answer:* This point is refused. [1]

2. The justice of the peace, N. E. Dewey, and jury of six men summoned by the sheriff of the county, on his warrant, had no jurisdiction of the subject-matter, nor of the person of Mary Mulberry in the proceedings before them against John Mulberry offered in evidence; and the plaintiff, Mary Mulberry, is entitled to recover for all damages sustained by and injuries inflicted upon her under the warrant issued in said proceedings to the sheriff of the county to dispossess said John Mulberry; and the said Ralph Carrier is liable for all injuries to the said plaintiff and her property by all of the persons acting under and in execution of said warrant; and to the amount of actual damage so sustained by the plaintiff, the jury may add an additional sum not to exceed six per cent upon that amount from the time of the injury to the time of their verdict.   *Answer:* This point is refused. [2]

The court charged in part as follows:

[There is no evidence here that would justify us in instructing you that both of these parties were in possession.   The land was owned by John Mulberry, and the plaintiff does not claim that she was in possession with John Mulberry, but that she made an arrangement by which she was to run the property; and she was either in possession or else John Mulberry was in possession.   If there is any evidence that justifies you in finding that there was a joint possession, then it would be true that she would have to be notified and the proceedings would have to be against her also.   You will look over all the testimony, but so far as I remember, I fail to remember any testimony that would show a joint possession of the premises. [5]

[The mere fact that she was occupying the house with her brother would not entitle her to notice.   If her brother had the actual possession of that property, farm and house—and it is the whole property that Mr. Carrier purchased—and if her brother had the actual possession of the whole property, it would not be necessary to notify her.   If she was keeping house

for her brother, of course there would be no other way but they would have to occupy the house together.   But, if she was there as the housekeeper of her brother, it would not give her any possession such as would entitle her to notice.   In order to entitle her to notice you must find that there was some time in which the possession of the property was turned over by the brother to her, because the brother owned the property and it is not disputed but what he was in the actual possession of the property up to within eight or nine years ago.   Now you must find that there was some time when the possession of the property was turned over from the brother to her, in order to entitle her to notice of these proceedings.] [6]

Verdict and judgment for defendant.   Plaintiff appealed.

*Errors assigned* were (1, 2–5, 6) above instructions, quoting them.

*D. I. Ball*, for appellant.

*W. E. Rice*, with him *W. D. Hinckley*, for appellee.

OPINION BY ORLADY, J., July 25, 1901 :

The real estate of John Mulberry was sold by the sheriff of Warren county under an execution founded upon a judgment regularly obtained against him to Ralph Carrier.   Under the provisions of the Act of May 24, 1878, P. L. 134, proceedings to recover possession of the real estate were instituted by Carrier before a justice of the peace and a jury of six persons.   A judgment in favor of Carrier was recovered in these proceedings and a warrant was issued by the justice to the sheriff of the county to deliver the possession of the premises to Carrier. Mary Mulberry brought this action of trespass against Carrier, the sheriff and his deputies, to recover damages for ejecting her from the premises.   The jury was sworn as to Carrier alone and her right to recover depended solely on the character of her possession of the premises when the proceedings were instituted by Ralph Carrier before the justice of the peace. This was recognized as the pivotal point of the case in the plaintiff's request for special instructions to the jury under her fourth, fifth, sixth and seventh points which were substantially

affirmed by the court. The judgment before the justice and the subsequent process were against John Mulberry. Mary Mulberry was not a record party thereto nor did she seek to be made so. The regularity of the proceedings against John Mulberry is not questioned by him. The final judgment therein is unappealed from. Mary Mulberry in this action seeks to attack the judgment obtained against John Mulberry for the reason that as she alleges a summons should have been returnable and a jury of twelve should have been summoned under the act of 1836 instead of a summons returnable and a jury of six under the act of 1878.

She is not in position to question the regularity of the proceedings against John Mulberry. They were not collusive and the justice had jurisdiction of the parties and of the subject-matter. If there were any irregularities therein after a final judgment which is unappealed from, they are conclusively presumed to have been assented to or waived by the parties who had the right to raise the question when it was important. See cases cited 10 P. & L. Dig. of Dec. 16,755, 17,337.

Mary Mulberry claimed that she was in actual possession of the premises from which she had been forcibly evicted by Carrier without having any notice of process directed against her. This possession was disputed by Carrier who claimed that John Mulberry was the only person in possession entitled to notice, and if Mary Mulberry was on the premises she was there as a housekeeper or servant of her brother. Considerable testimony was adduced in favor of each contention and the trial judge fairly submitted the question to the jury as follows: " Now here is the whole question in the case. Was she, or was she not in possession ? We say to you as a matter of law that if you find that John Mulberry was in possession of these premises, although Mary Mulberry was there in the house and had property of her own there, if she was keeping house for John Mulberry and even if she had permission to raise certain things on the premises, that would not make her in the actual possession in such a way as she could recover in this case. If John Mulberry was in the actual possession, then there can be no recovery, because the sheriff had a right to put him out of possession, together with any persons that he had on the premises in his employ working for him."

Her only pretense to possession was through an arrangement with her brother which the verdict determines as invalid, and from her own testimony it was claimed to be in her own right, exclusive of and not joint with her brother.

The question involved, as stated by appellant, is not raised by John Mulberry, and he is the only person who could raise it. The assignments of error are overruled and the judgment is affirmed.